## WILLIAM A. BEECHER v. GRAND TRUNK RAILWAY COMPANY.

*Principal and Agent.     Past Consideration.     Evidence.     Title.*

When the property of one party has been appropriated by another without a prior contract, a subsequent contract for the same by an *apparent ostensible* agent, though not having actual authority, is binding upon the principal, at least unless the principal, immediately after the making of the contract, and before the other party is prejudiced by relying on it, repudiates the act of the supposed agent, and puts the other party *in statu quo* by restoring the consideration.

Testimony tending to show such agency is admissible; and recovery may be had in *assumpsit;* the property still being in existence and accessible, and the original cause of action not being for an injury or destruction thereof.

Moreover the title to the property so appropriated did not pass until the subsequent contract was made, and the consideration of that contract was the title; therefore it was not a case of past consideration.

ASSUMPSIT, for goods sold and delivered, and other general counts. The trial was by jury, at the May term, 1870, STEELE, J., presiding. Verdict for plaintiff.

It appeared on trial, that in the winter commencing in December, 1865, the plaintiff got out about one hundred and thirty railroad ties, and placed them within the bounds of the railroad fences near the railroad track, and that, in the season after this, the section men, under the direction of the section boss, who had authority from the roadmaster, whose duty it was to superintend the repairs of the track and road-bed for about one hundred miles of the defendant's road, took about one hundred of said ties, without any contract with or right from the plaintiff to do so, and put them into the track in place of defective ties.

It appeared by plaintiff's testimony, that after this the plaintiff saw Mr. Cunningham, the roadmaster, and had a talk with him about the ties, and asked Cunningham if he took the ties; to which Cunningham replied that he had taken part, and was going to take the rest, or had ordered his men to take what had been taken, and was going to take the rest. It did not appear that any more of the ties were used after this talk, but the balance still lie there where plaintiff had left them; and in regard to this, the plaintiff's testimony tended further to show that, when he saw Cunningham first, he told plaintiff that he would see Mr. Barnard, the chief engineer of the road, in reference to the matter, with a view to have the ties paid for; that after this he saw Cunningham again, who then told him that he had seen Barnard, and that Barnard said the ties should be paid for, and that Cunningham then said to the plaintiff, " I will see you paid for them," or, " You shall be paid for them." The plaintiff's testimony also tended to show that certain officials in the engineer's department of defendant's service had been allowed, and it was customary for them, to contract for materials necessary for them to make needed repairs in special instances of necessity; that Cunningham had made purchases of ties of other parties, which fact the plaintiff knew and relied upon when he talked with him; that the road, at the point where plaintiff's ties were used, was in bad condition, and needed repair; but there was no evidence of any exigency to require immediate repairs, any more than in any case where ties are defective, and the defendant had no other ties so conveniently at its command as the ties in question, for making these repairs,

its own ties being some forty rods distant. The defendant's men were engaged in replacing ties where needed along this section of the road.

All the foregoing testimony on the part of the plaintiff was received against defendant's exception, on the ground that Cunningham was not an agent of the defendant, and the testimony did not tend to show him to be such. The defendant's testimony tended to show, that the sole business of Cunningham under its employment was to inspect and accept into the defendant's service, by marking such as were suitable and rejecting such as were not suitable, and to receive ties under contracts made by the company, but that he had no authority to make any contract.

Upon this evidence the plaintiff contended that there was such a promise made by Cunningham for the defendant as would entitle the plaintiff to recover in this form of action.

The defendant contended that there was no promise by any authorized agent of the company that would entitle the plaintiff to recover. Upon this point the court charged the jury, that from the testimony it appeared Cunningham had no authority as an agent in his official position to contract for the company, but if he was allowed to so act for the company, and to make contracts, as the plaintiff's testimony tended to prove he had, and the plaintiff, by reason thereof, as a prudent man, had reason to believe, and did believe, him to be authorized to act in the capacity of an agent of the company to purchase ties, his promise, as ostensible agent in this case, would be such a contract as would entitle the plaintiff to recover, unless they should find that in talking with Cunningham the plaintiff discovered some reason which should lead him to an investigation of the extent of Cunningham's authority to act as agent of the defendant; and before he would be entitled to recover, the jury must also find that the plaintiff relied upon Cunningham as the agent of the company.

To this charge of the court the defendant's counsel excepted, upon the ground that it did not appear that the plaintiff parted with the ties upon any promise made by Cunningham, and it was contended that to render a subsequent promise binding upon the

defendant, it must be by an agent having real authority to bind the company.

The court refusing to instruct the jury as requested by defendant's counsel, and having charged them as above stated, the defendant excepted.

*George N. Dale*, for the defendant.

*Bisbee, Grout & Storrs*, for the plaintiff.

The opinion of the court was delivered by

PECK, J.   The defendant has had the plaintiff's ties, and used them in its road-bed, and is bound to pay for them.   The defense is to the form of action ; the defendant claiming that, as the ties were originally taken by an agent of the company, (the road-master, Cunningham, the superintendent of the repairs of the track and road-bed for about one hundred miles,) without authority from the plaintiff, the action of assumpsit will not lie ; that it should have been trespass.   The objection of the defendant to the testimony on the part of the plaintiff, tending to show a subsequent contract of purchase by the defendant through Cunningham, with plaintiff, while the ties were still in defendant's possession, was properly overruled.   The objection was that it did not tend to show Cunningham an agent of the defendant for that purpose.   If it tended to show such an agency, or *apparent* agency, as would bind the defendant, it was admissible.   The evidence tended to show both, and was properly received.   This disposes of the defendant's objection made after the evidence was closed, that there was no promise by any authorized agent of the company, that would entitle the plaintiff to recover.   Had the plaintiff sued in trespass, it is too clear for argument, that the evidence would have been admissible to show that, by the subsequent arrangement, the plaintiff had waived the tort and converted his remedy into an action upon contract.   If it would tend to defeat an action of trespass, it tends to support the action of assumpsit. The case was submitted to the jury under a charge as favorable

to the defendant as the law would warrant, unless the exception taken to it by the defendant's counsel at the trial is well founded. The charge allowed the jury, upon finding certain facts, to hold the defendant liable upon the ground of an ostensible or apparent agency in Cunningham. The exception to this charge is, that as it did not appear that the plaintiff *parted with the ties* upon any promise made by Cunningham, to render a subsequent promise binding upon defendant, it must be by an agent having *real* authority to bind the company. In support of this proposition, it is argued here, that in making a contract by an agent after the consideration has passed, it requires *actual* authority in the agent ; that an *apparent ostensible* agency is not sufficient, as it is where the consideration passes at the time the contract is made. We are not aware that any such distinction as this is established ; but if recognized at all, it could only apply to a case where the principal, immediately after the making of the contract and before the other party was at all prejudiced by relying on it, repudiates the act of the supposed agent, and puts the other party *in statu quo* by restoring the consideration. This the defendant has not done, but on the contrary has kept, used and consumed it. Again, this legal proposition of the defendant's counsel is not founded in fact. The consideration of the contract did not pass from the plaintiff before the contract was made. It is true the possession of the property had been taken by Cunningham, but the title had not passed. The property was still in existence and accessible. The consideration of the defendant's promise was the *title* to the property, and that passed from the plaintiff to the defendant at the time of the contract. The defendant's promise relied on, therefore, was not founded on a past consideration, but the consideration was cotemporaneous with the contract of sale and the defendant's promise to pay the price.

As to the claim on the part of the defendant's counsel that the agreement to pay for the ties was not intended to, and did not have the effect to change the remedy from tort to contract, it should be noticed that this case differs from those cases where the original cause of action is for a trespass causing an injury to the plaintiff's property, or its destruction ; nothing remaining in ex-

18

istence that can be the subject matter of sale, and the defendant merely promises to pay the damage. In such case it may still rest in damages to be enforced in an action of tort. In this case the cause of action is not the tortious taking; it is the subsequent sale of the property which was still in existence and subject to the plaintiff's disposition and control.

Judgment affirmed.